# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ANTHONY GARCIA, SR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 17-3480-KK <br><br><br> MEMORANDUM AND ORDER |

Plaintiff Gregory Anthony Garcia, Sr. ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title XVI Supplemental Security Income Benefits ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I.
## **PROCEDURAL HISTORY**

On December 3, 2013, Plaintiff filed an application for SSI, alleging a disability onset date of September 1, 2009. Administrative Record ("AR") at 176-

84. Plaintiff's application was denied initially on December 17, 2013 and upon reconsideration on March 10, 2014. Id. at 61-79. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). See id. at 91.

On March 5, 2015 and August 18, 2015, Plaintiff appeared with counsel and testified at hearings before the assigned ALJ. Id. at 34-60. A vocational expert also testified at the hearings. Id. at 38-42, 56-60. On September 10, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. Id. at 16-29.

Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 14. On March 6, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

On May 8, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on March 20, 2018. Dkt. 23, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on March 3, 1963, and his alleged disability onset date is September 1, 2009. He was forty-six years old on the alleged disability onset date and was fifty-two years old at the time of the hearings before the ALJ. AR at 36, 46, 61, 70. Plaintiff has a tenth-grade education. Id. at 217. Plaintiff alleges disability based on arthritis of the ankles, legs, hands, knees, and arms; diabetes; high blood pressure; and gout. Id. at 47.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing

the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

3

exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## **THE ALJ'S DECISION**

**A.     STEP ONE**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 29, 2013, the application date." AR at 21.[2]

**B.     STEP TWO**

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: type II diabetes mellitus with neurological manifestations; other rheumatoid arthritis with visceral or systemic involvement; gout; hypothyroidism; obesity; left knee effusion; hypertension; and right knee moderate medial degenerative changes and left knee minimal lateral degenerative changes." Id. at 21.

**C.     STEP THREE**

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 21.

**D.     RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:

> to perform the following: occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently

---

[2] The ALJ and the parties cite to a filing date of November 29, 2013. AR at 21; JS at 2. However, the application reflects a filing date of December 3, 2013. AR at 176-84.

4

reach, handle, finger, feel, and push/pull with the right non-dominant hand; frequently reach, feel, push/pull and occasionally handle and finger with the left dominant hand; frequently operate foot pedals with the right foot and occasionally with the left foot; and occasionally perform postural except never climb ladders, ropes, or scaffolds, or crawl.

Id. at 21-22.

**E.     STEP FOUR**

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work." Id. at 27.

**F.     STEP FIVE**

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Id. at 28.  The ALJ, therefore, found Plaintiff "not disabled" at step five. Id.

## V.

## **PLAINTIFF'S CLAIMS**

Plaintiff presents four disputed issues: (1) whether the ALJ relied on vocational expert testimony that was in conflict with the Dictionary of Occupational Titles ("DOT"); (2) whether the ALJ relied on vocational expert testimony that was in conflict with the Occupational Outlook Handbook ("OOH"); (3) whether the ALJ properly considered the objective findings of the consultative examiner; and (4) whether the ALJ properly considered Plaintiff's testimony and statements.[3]

///

---

[3] The Court finds the first issue dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

5

# VI.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted).

# VII.

# DISCUSSION

# THE ALJ'S CONCLUSION THAT PLAINTIFF CAN PERFORM OTHER WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff argues the ALJ erred by relying on vocational expert ("VE") testimony that Plaintiff could perform other work. Plaintiff suggests the VE's testimony regarding Plaintiff's ability to perform the cited jobs was inconsistent with the reasoning, mathematics, and language levels of these positions as detailed by the DOT because Plaintiff had a tenth-grade education. JS at 5-11, 13. More broadly, Plaintiff argues the evidence did not support the ALJ's conclusion that he could perform jobs with reasoning levels 3 or 4 despite his limited, tenth-grade education. Id. at 7-11, 13. As discussed below, the Court finds the ALJ erred in concluding Plaintiff could perform other work based on the unreliable and contradicted testimony of the VE.

## A.  RELEVANT FACTS

The VE who testified at Plaintiff's second ALJ hearing concluded, based on Plaintiff's age, education, work experience, and residual functional capacity, that Plaintiff could perform work as an "investigator, dealer accounts" and "rental furniture clerk." AR at 40, 42. The ALJ asked the VE if his testimony was consistent with the DOT. Id. at 42. The VE testified that it was consistent. Id. The ALJ relied upon the testimony of this VE in finding Plaintiff was capable of performing other work and, thus, not disabled. Id. at 28.

## B.  APPLICABLE LAW

At Step Five, the burden shifts to the Commissioner "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The ALJ first assesses a claimant's RFC and then considers potential occupations

the claimant may be able to perform. Id. In making this determination, the ALJ may rely on the DOT which is "the best source for how a job is generally performed . . . ." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (citations omitted). An ALJ also may rely on the testimony of a vocational expert concerning the requirements of a particular occupation. See Johnson, 60 F.3d 1428 at 1435 (citation omitted).

Before relying on vocational expert testimony concerning the requirements of a particular occupation, "the ALJ must ask the VE if his or her testimony is consistent with the DOT." Wentz v. Commissioner Social Sec. Admin., 401 Fed. App'x 189, 191 (9th Cir. 2010) (citing Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007)). When there is an apparent conflict between the DOT and the VE's testimony, the ALJ is required to reconcile the inconsistency. Massachi, 486 F.3d at 1153-54. "For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). An ALJ's "failure to resolve an apparent inconsistency may leave . . . a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." Zavalin 778 F.3d at 846 (citing, inter alia, SSR 00-4P).

Education is a vocational factor that should be considered at step five. See 20 C.F.R. § 416.964(b). It is not a functional limitation. See 20 C.F.R. § 416.960 (at step five, ALJ must consider RFC and separate "vocational factors" of age, education, and work experience). There are four levels of education for Social Security purposes: illiteracy ("the inability to read or write"); marginal education ("ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs [,] . . . generally . . . formal schooling at a 6th grade level or less"); limited education ("ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs [,] . . .

generally . . . 7th grade through the 11th grade"); and high school education and above ("abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above"). Id.

Although relevant, "the numerical grade level that [a claimant] completed in school may not represent [the claimant's] actual educational abilities." 20 C.F.R. § 416.964(b). In assessing a claimant's reasoning levels, the Commissioner may consider both the claimant's formal and informal education. Zavalin, 778 F.3d at 846, 847. "[I]f there is no other evidence to contradict it," however, the Commissioner should use a claimant's completed grade level to determine his educational ability. Id.

**C.  ANALYSIS**

Plaintiff's tenth-grade education places him in the limited education category. 20 C.F.R. § 416.960. There is no other evidence in the record regarding the level of Plaintiff's reasoning, mathematics, or language skills. Therefore, because "there is no other evidence to contradict it," the ALJ was to use Plaintiff's completed grade level to determine his educational ability. 20 C.F.R. § 416.964(b).

First, the VE's testimony was unreliable to the extent he found Plaintiff capable of performing work as a furniture rental clerk with a reasoning level of 3. The DOT describes the job of furniture rental clerk as requiring a reasoning level of 3,[4] a mathematics level of 2,[5] and a language level of 2.[6] DOT 295.357-018, 1991

---

[4] The DOT defines a reasoning level of 3 as follows: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702.

[5] The DOT defines a mathematics level of 2 as follows: "Add, subtract, multiply, and divide all units of measure. Perform the four operations with like common and decimal fractions. Compute ratio, rate, and percent. Draw and interpret bar graphs. Perform arithmetic operations involving all American monetary units." DOT, App. C, 1991 WL 688702.

[6] The DOT defines a language level of 2 as follows: "Reading: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes. Writing: Write compound and complex sentences, using cursive

WL 672589.  These levels should be contrasted with the levels required to perform Plaintiff's past work.  The VE at the first ALJ hearing testified Plaintiff's previous job as a yard foreman was more accurately classified as material handler under DOT 929.687-030, 1991 WL 688174, AR at 57, which requires a reasoning level of 2, math level of 1, and language level of 1.  DOT 929.687-030, 1991 WL 688174.[7] In addition, Plaintiff's limited education level supports a presumption that he did not have "the educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs."  20 C.F.R. § 416.964(b)(3).  However, the VE at Plaintiff's second ALJ hearing testified that the furniture rental clerk position involved "skilled" work.  AR at 42.[8]  Despite this apparent confusion, and obvious conflict with Plaintiff's abilities, the ALJ failed to seek clarification on this point from the VE.  Based on these unresolved issue, the Court finds the VE's testimony both unreliable and insufficient to support the ALJ's finding regarding Plaintiff's ability to perform work as a furniture rental clerk.

Second, the VE's testimony was unreliable to the extent he found Plaintiff capable of performing work as an investigator of dealer accounts with a reasoning

---

style, proper end punctuation, and employing adjectives and adverbs.  Speaking: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses."  DOT, App. C, 1991 WL 688702.

[7]  The ALJ scheduled a second hearing to seek the opinions of a medical expert or consultative examiner.  AR at 55-56.  The ALJ did not find the first VE's testimony inadequate or unreliable.

[8]  As stated above, in his opinion the ALJ cited this job as being unskilled.  AR at 28.  Even assuming the ALJ correctly characterized the job as involving unskilled work, this merely highlights the VE's unreliability in improperly characterizing the job.  Of further note, the record contains additional evidence of the VE's unreliability.  First, in response to questioning by Plaintiff's counsel seeking to clarify the tasks involved the job of boat rental clerk, the VE sarcastically responded, "Rent boats, and collect a fee."  The VE then acknowledged he "shouldn't be facetious."  Id. at 41.  In addition, Plaintiff's counsel successfully called into question the VE's citation to work as a boat rental clerk.  Specifically, when Plaintiff's counsel questioned the VE about whether a boat rental clerk job would be considered seasonal work, the VE testified he did not know.  Id. at 40-42.  The ALJ found counsel's point to be well-taken and asked the VE to offer an additional example of other work Plaintiff could perform.  Id. at 42.

level of 4.  The DOT describes the job of investigator of dealer accounts as requiring a reasoning level of 4,[9] a mathematics level of 3,[10] and a language level of 4.[11]  DOT 295.357-018, 1991 WL 672258.  Once again, these levels should be contrasted with the levels required for Plaintiff's prior work as a material handler. Similarly, the levels should be contrasted with the levels required for Plaintiff's prior work if described as a yard foreman which is defined by the DOT as having a reasoning level of 4, a math level of 3, and a language level of 3.  DOT 899.133-010, 1991 WL 687663.  Additionally, Plaintiff's tenth-grade educational ability is inherently inconsistent with reasoning level 4, which requires the ability to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form."  DOT, App. C, 1991 WL 688702.

    Defendant does not argue Plaintiff's educational level suggests he can perform work at a reasoning level of 4.[12]  Rather, Defendant argues other evidence supports a finding that Plaintiff can perform such work.  Specifically, Defendant

---

[9] The DOT defines a reasoning level of 4 as follows: "Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists.  Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form."  DOT, App. C, 1991 WL 688702.

[10] The DOT defines a mathematics level of 3 as follows: "Compute discount, interest, profit, and loss; commission, markup, and selling price; ratio and proportion; and percentage.  Calculate surfaces, volumes, weights, and measures. Algebra: Calculate variables and formulas; monomials and polynomials; ratio and proportion variables; and square roots and radicals.  Geometry: Calculate plane and solid figures, circumference, area, and volume.  Understand kinds of angles and properties of pairs of angles."  DOT, App. C, 1991 WL 688702.

[11] The DOT defines a language level of 4 as follows: "Reading: Read novels, poems, newspapers, periodicals, journals, manuals, dictionaries, thesauruses, and encyclopedias.  Writing: Prepare business letters, expositions, summaries, and reports, using prescribed format and conforming to all rules of punctuation, grammar, diction, and style.  Speaking: Participate in panel discussions, dramatizations, and debates.  Speak extemporaneously on a variety of subjects."  DOT, App. C, 1991 WL 688702.

[12] In fact, Defendant appears to acquiesce to a finding that Plaintiff is incapable of performing work at a reasoning level of 4.  JS at 12 n.10.

11

cites Plaintiff's ability to perform past work as a yard foreman, DOT 899.133-010, which requires a reasoning level of 4. JS at 12. As referenced previously, while the second VE noted that Plaintiff performed past work as a yard foreman under DOT 899.133-010, 1991 WL 687663, AR at 260, the VE who testified at the first ALJ hearing concluded Plaintiff's previous job was more accurately classified as material handler under DOT 929.687-030, 1991 WL 688174, AR at 57, which requires a reasoning level of 2. The ALJ did not attempt to reconcile the discrepancy in the record regarding Plaintiff's past work. Moreover, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630. Thus, because the record is not conclusive regarding the reasoning level of Plaintiff's past work, there is insufficient evidence to support the ALJ's conclusion that Plaintiff, with a limited education, could perform work at reasoning level 4.

Based on this record, the Court cannot find the VE's testimony supported the ALJ's finding regarding Plaintiff's ability to perform work as an investigator of dealer accounts or furniture rental clerk. Thus, the ALJ did not carry his burden at Step Five of the sequential analysis. See Dyer ex rel. Dyer v. Colvin, 9 F. Supp. 3d 1116, 1124-25 (D. Ariz. 2014) (ALJ erred at Step Five by relying on unreliable testimony of VE where VE was unable to interpret job information); see also Swenson v. Sullivan, 876 F.2d 683, 688-89 (9th Cir. 1989) (ALJ should have clarified and developed the record in light of dubious VE testimony regarding number of performable jobs); Rawlings v. Astrue, 318 Fed. App'x. 593, 594-95 (9th Cir. 2009) (ALJ erred by relying on ambiguous VE testimony that did not accurately classify jobs and deviated from the DOT).

///
///
///
///

# VIII.
# **RELIEF**

## A. APPLICABLE LAW

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9tj Cir. 2012) (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

## B. ANALYSIS

In this case, the record has not been fully developed. The ALJ must reconsider Plaintiff's ability to perform the alternative work identified by the VE and secure additional VE testimony, if necessary. Accordingly, remand for further proceedings is appropriate.

///
///
///
///
///
///
///

# IX.
# **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: April 06, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge